UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SALAZAR, | No.  2:23-cv-00627 CKD |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1973, applied on April 17, 2018 for DIB, alleging disability beginning April 6, 2014.[1]  Administrative Transcript ("AT") 20, 29.  Plaintiff alleged he was unable to work

---

[1] Plaintiff filed a prior application for Title II benefits in July 2014.  AT 20.  An unfavorable decision, issued in March 2017, gave rise to a presumption of continuing nondisability.  AT 20.

due to lower back/spine pain due to a job injury and pain in the upper left thorax area. AT 97. In a decision dated January 24, 2022, the ALJ determined that plaintiff was not disabled.[2] AT 20-31. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2019.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 6, 2014 through his

---

In the decision under review, the ALJ found that the presumption was rebutted "because there is evidence of a new impairment (depression) since the prior decision." AT 21. "Thus," the ALJ explained, "each finding of the prior decision will be reviewed to determine whether it will be adopted or whether new and material evidence has been obtained in the current claim which would support a change in the finding." AT 21.

[2]   Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

      date last insured of September 30, 2019.

      3. Through the date last insured, the claimant had the following severe impairments: lumbar degenerative disc disease, bilateral hip bursitis, left shoulder strain, and depression.

      4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

      5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except claimant is limited to occasional stooping, crawling, and climbing of ladders; frequent, not constant balancing, kneeling, crouching and climbing stairs; frequent, not constant, overhead reaching; and no more than occasional exposure to cold or hazards such as unprotected heights and dangerous moving machinery; he can understand, remember and carry out simple instructions; he is limited to no more than occasional interruptions to the work routine.

      6. Through the date last insured, the claimant was unable to perform any past relevant work.[3]

      7. The claimant was born [in 1973], which is defined as a younger individual age 18-49, on the date the application was filed.

      8. The claimant has a limited education.

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

      10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed.[4]

      11. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 6, 2014, the alleged onset date, through September 30, 2019, the date last insured.

AT 23-31.

////

---

[3] Plaintiff testified that he last worked as a forklift operator in a warehouse.  He left in 2013 due to a back injury sustained at work.  AT 42.

[4] Relying on vocational expert (VE) testimony, the ALJ found that plaintiff could perform unskilled light jobs as an information clerk, mailroom clerk, and routing clerk.  AT 30, 53.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in evaluating the medical opinion of the consultative psychological examiner; and (2) the ALJ erred in discounting plaintiff's subjective symptom testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Medical Opinion

Plaintiff asserts that the ALJ erred in discounting the October 19, 2018 opinion of

psychologist Dr. Deborah Lacy, who conducted a mental evaluation of plaintiff on that day.  AT 855-863.  In the preface to her report, Dr. Lacy noted that "[t]he source of information for this evaluation was the claimant, who was considered a fair-quality historian."  AT 855.  She also noted that there were no mental health treatment records available for review, and that "[t]he claimant did not report any mental health issues; however, during the evaluation it became evident that he was depressed."  AT 855.

Dr. Lacy diagnosed plaintiff with "major depressive disorder, recurrent, severe."  AT 861.  Dr. Lacy found plaintiff severely mentally impaired in several work-related areas, including the ability to maintain regular attendance, complete a normal workday, interact with coworkers, and deal with usual work stresses; and moderately impaired in the ability to perform detailed and complex tasks.  AT 862.  Dr. Lacy opined that plaintiff had no impairment in his ability to perform simple and repetitive tasks or to work without special supervision.  AT 862.

The ALJ found Dr. Lacy's opinion unpersuasive for the following reasons:

> The opinion is inconsistent with the overall medical evidence of record . . . , which notes no ongoing mental health treatment or psychiatric medication.  The claimant is also generally independent in his activities of daily living, which does not support severe impairment.  The opinion is also not supported by Dr. Lacy's mental status findings of mood depressed and affect restricted but otherwise generally within normal limits.  Moreover, Dr. Lacy appears to rely more on claimant's subjective complaints than [her] own-authored notes.

AT 28.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."  Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015).  In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another.  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); see also Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

For disability applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level.  See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because

1  plaintiff filed his application on April 17, 2018, it is subject to the new rules for the evaluation of
2  medical evidence.
3       The revised rules provide that adjudicators for the Social Security Administration,
4  including ALJs, evaluate medical opinions according to the following factors: supportability;
5  consistency; relationship with the claimant; specialization; and other factors such as the medical
6  source's familiarity with other evidence in the record or with disability program requirements.  20
7  C.F.R. § 416.920c(c)(1)-(5).  The most important of these factors are supportability and
8  consistency.  20 C.F.R. § 416.920c(b)(2).  Supportability is the extent to which an opinion or
9  finding is supported by relevant objective medical evidence and the medical source's supporting
10 explanations.  20 C.F.R. § 416.920c(c)(1).  Consistency is the extent to which an opinion or
11 finding is consistent with evidence from other medical sources and non-medical sources,
12 including the claimants themselves.  20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1).  The ALJ will
13 articulate how he considered the most important factors of supportability and consistency, but an
14 explanation for the remaining factors is not required except when deciding among differing yet
15 equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b).  The new
16 regulations "still require that the ALJ provide a coherent explanation of his reasoning" and
17 establish "a minimum level of articulation to be provided in determinations and decisions, in
18 order to provide sufficient rationale for a reviewing adjudicator or court."  Sam-Chankhiao v.
19 Kijakazi, 2:20-cv-0186 DB, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022), citing Hardy v.
20 Commissioner, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021).
21      As to the consistency factor, the ALJ concluded that Dr. Lacy's finding of severe mental
22 impairment was inconsistent with the longitudinal record, which reflected no ongoing mental
23 health treatment or psychiatric medication.  See AT 26 (ALJ notes plaintiff's testimony that "[h]e
24 is not receiving any treatment or medication, currently for his mental health condition").  In his
25 motion, plaintiff asserts he was "embarrassed of receiving treatment for depression," which
26 explains the lack of treatment (ECF No. 14 at 7-8); nonetheless, the ALJ permissibly considered
27 plaintiff's treatment history in assessing Dr. Lacy's opinion.  See, e.g., Medsker v. Kijakazi, 2023
28 WL 4534342, at *8 (E.D. Cal. July 13, 2023) (ALJ permissibly found "opinion was inconsistent

with the longitudinal evidence in the record showing Plaintiff's lack of treatment for a mental health condition").

As to the supportability factor, the ALJ found that Dr. Lacy's opined severe impairments were unsupported by her largely normal exam findings. Upon examination, Dr. Lacy noted that plaintiff had normal thought process, speech, thought content, orientation, intelligence, memory, concentration, insight, and judgment. AT 859-861; see also AT 480, 483 (2015 mental exam findings unremarkable). An ALJ is not required to credit a conclusory opinion supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see e.g., Ross v. Comm'r of Soc. Sec. Admin, 2023 WL 2341342, at *2 (9th Cir. Mar. 2023) (ALJ properly discounted medical opinion where marked limitations were unsupported by "mostly normal" mental status exam and inconsistent with other normal psychiatric findings). The ALJ also found Dr. Lacy's opinion unsupported by plaintiff's ability to function independently in daily life without debilitating mental symptoms. See AT 43, 51 (hearing testimony that plaintiff prepared meals, did own shopping and cleaning, drove, and exercised). This was a permissible factor in the ALJ's analysis. See Woods v. Kijakazi, 32 F.4th 785, 794 (9th Cir. 2022) (medical opinion unpersuasive where inconsistent with treating record, exam findings, work activities, daily activities, and conservative treatment).

To the extent plaintiff suggests an alternative interpretation of the evidence, this is not sufficient to establish reversible error. If the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). The undersigned finds no error with respect to the opinion evidence.

B. Credibility

Plaintiff next claims that the ALJ erred in discounting plaintiff's subjective symptom testimony, summarized in the decision as follows:

> [A]t the administrative hearing, claimant in essence testified that he lives alone, is independent in his activities of daily living. He has pain in low back, butt, left thoracic area, neck, and hips. . . . He uses cane at home but cane is not prescribed by any physician. He can only drive 10-20 minutes as he is limited due to pain looking over his shoulder. He has pain with sitting after 20-30 minutes. He can only lift/carry 5-10 pounds, stand/walk 30-45 minutes once per

>    month when he goes grocery shopping, daily 20-30 minutes twice a day. Then has to lay down and rest due to back pain. In addition, claimant testified to being depressed, unable to focus, sadness and social isolation.

AT 26; see AT 42-51 (August 3, 2021 hearing testimony).

The ALJ found that plaintiff's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AT 26. The ALJ concluded that, despite his claims of greater limitations, plaintiff was "able to walk 30-60 minutes before need for rest[,] is able to lift/carry 10-20 pounds[,]" and "appears mentally functional for a range of simple work-related tasks." AT 27.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021)

1  (emphasis in original), citing Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).  This

2  standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]"

3  Lambert, 980 F.3d at 1277.  However, an ALJ's detailed overview of the claimant's medical

4  history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely

5  consistent" with her medical treatment—is not enough to satisfy the minimal requirements for

6  assessing credibility.  Id. at 1277–78.

7         At the first step of the required credibility analysis, the ALJ found objective evidence of

8  medical impairment, finding the following impairments to be severe: lumbar degenerative disc

9  disease, bilateral hip bursitis, left shoulder strain, and depression.  AT 23.  The ALJ proceeded to

10 discuss medication, treatment, and functional restrictions with respect to plaintiff's physical

11 conditions.  See AT 27 (reviewing history of injections for pain relief; "mild and minimal

12 findings" in the lumbar spine; physical examination findings in November 2019 showing 5/5

13 strength in all major muscle groups; tenderness and trigger points in lumbar area; and reports of

14 70% pain relief after injections).  The ALJ noted that plaintiff "uses an assistive device; however,

15 this is for comfort only and not prescribed by any physician."  AT 27; see AT 48 (hearing

16 testimony that plaintiff used a cane "to walk a little more smoothly," but it was not prescribed or

17 recommended by a doctor).  The ALJ concluded that, despite plaintiff's allegations, his "physical

18 condition appears generally well controlled with pain management and injections.  He is able to

19 stand/walk and sit despite complaints of severe pain . . . and treatment had been routine and

20 conservative in nature."  AT 27.

21        Plaintiff does not point to specific evidence showing he is unable to do light work as set

22 forth in the RFC, but argues that the ALJ "failed to articulate legally sufficient reasons" for

23 rejecting his testimony. (ECF No. 14 at 13-14.)  In evaluating the credibility of pain testimony

24 after a claimant produces objective medical evidence of an underlying impairment, an ALJ may

25 not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully

26 corroborate the alleged severity of pain.  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005),

27 citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).  Where a claimant's symptom

28 testimony is not fully substantiated by the objective medical record, the ALJ must provide an

additional reason for discounting the testimony. Burch, 400 F.3d at 680-681; see Woods v. Comm'r of Soc. Sec, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022) ("While a lack of objective medical evidence may not be the sole basis for rejection of symptom testimony, inconsistency with the medical evidence or medical opinions can be sufficient.").

Here, the ALJ found plaintiff's pain to be "well-controlled with pain management and injections" and noted that "treatment has been routine and conservative in nature." AT 27. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment may be "sufficient to discount a claimant's testimony regarding severity of an impairment"). The ALJ also considered plaintiff's reported daily activities, including taking thirty-minute walks twice a day, driving, cooking, and shopping. AT 27, 28 ("The claimant testified that he could stand/walk 30-45 minutes once per month when he goes grocery shopping, [and] 20-30 minutes twice a day"); see AT 43, 45 51 (hearing testimony).

As to mental restrictions, the ALJ noted that plaintiff "had no psychiatric treatment besides his primary care physician" and in 2018 reported taking no psychiatric medication and having no current treatment for mental health issues. AT 27. See Parra 481 F.3d at 751. Aside from Dr. Lacy's report, plaintiff points to no specific evidence supporting mental limitations beyond what is reflected in the RFC. As plaintiff has not shown harmful error as to the credibility determination, defendant is entitled to summary judgment.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is granted; and

3. Judgment is entered for the Commissioner.

Dated: December 1, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE